UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TD AMERITRADE, INC., | |
|     Plaintiff, | 3:08-CV-00245-LRH-RAM |
| v. | ORDER |
| THE NEVADA AGENCY AND TRUST COMPANY, | |
|     Defendant. | |

Before the court is Plaintiff TD Ameritrade, Inc.'s ("Ameritrade") motion for reconsideration (#90) of this court's Order (#88) and Judgment (#89) granting summary judgment to Defendant The Nevada Agency and Trust Company ("NATCO"). NATCO filed an opposition (#93), and Ameritrade filed a reply (#94).

Ameritrade moves for reconsideration pursuant to Fed. R. Civ. P. 59(e). A district court may alter or amend a judgment under Rule 59(e) where the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Ameritrade contends the court committed clear error in two respects.

Ameritrade contends first that the court clearly erred in finding that the condition of Nev. Rev. Stat. § 104.8401(1)(e) was not satisfied. Ameritrade argues that in answering the question of

whether Ameritrade had actual knowledge of the restriction Save the World Air imposed on the transfer of STWA Shares for purposes of Nev. Rev. Stat. § 104.8204, this court erroneously considered only Ameritrade's knowledge of the court-issued preliminary injunction. Ameritrade argues that the court could have found that Ameritrade had "actual knowledge of the restriction" within the meaning of § 104.8204 only by finding that Ameritrade "had actual knowledge of the July 3, 2002 letter [from Save the World Air to NATCO] or any other restriction Save the World Air may have placed on the transfer." Doc. #90, p. 3.

The court disagrees. Under the plain language of the statute, "[a] restriction on transfer of a security imposed by the issuer" (here, Save the World Air) is effective against Ameritrade if it had "actual knowledge of *the restriction*." Nev. Rev. Stat. § 104.8204 (emphasis added). The "actual knowledge" requirement refers only to the restriction itself, not to its imposition by the issuer. Thus, to satisfy the "actual knowledge" requirement, it is sufficient that Ameritrade had actual knowledge there was a restriction against transfer of the securities. Lack of knowledge as to the particularities of the restriction's imposition is no excuse to its violation.

Ameritrade next contends that the court clearly erred in finding that Ameritrade had actual notice. Ameritrade argues that in reaching that finding, the court misapplied the notice provision of Nev. Rev. Stat. § 104.1202(6) and failed to identify any "natural person" at Ameritrade who may have known of the restriction and why that person should have communicated the information to the person processing the transfer. Doc. #90, p. 6.

Once again, the court disagrees with Ameritrade's unnatural reading of § 104.1202(6) and the court's order. As noted in the court's order, it is beyond dispute that the notes made on Muller's accounts regarding the prohibition on transfer of shares were made by an Ameritrade representative—a "natural person" within the meaning of the statute. It is also uncontroverted that the additional notes in 2004 erroneously clearing the shares for transfer were also made by an Ameritrade representative. Because due diligence required that Ameritrade representative to make

accurate notes on Muller's account regarding the restriction on transfer of shares, knowledge of the restriction is imputed to the organization. *See* Nev. Rev. Stat. § 104.1202(6) (providing that knowledge received by an organization is effective for particular transaction "in any event, from the time it would have been brought to the natural person's attention if the organization had exercised due diligence").

IT IS THEREFORE ORDERED that Plaintiff's motion for reconsideration (#90) is DENIED.

IT IS SO ORDERED.

DATED this 2nd day of May, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3